BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**JOSEPH H. HUYNH**
Assistant United States Attorney
Joseph.Huynh@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Attorney for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 6:18-mj-00236-MK |
| v. | UNITED STATES' BRIEF IN SUPPORT OF DEFERRING RULING ON DEFENDANT'S MOTIONS PENDING COMPETENCY RESTORATION |
| TODD MICHAEL GIFFEN, | |
| Defendant. | |

The United States of America urges this Court to defer briefing and ruling on the various motions raised by defendant through his new counsel pending the restoration of his competency. This includes defendant's request for new counsel, to appear at all proceedings, and to dismiss the case.

///

///

## I.   BACKGROUND

As this Court is well aware, defendant was charged by complaint for using his Facebook account, www.facebook.com/toddGiffen, to send threatening messages through the internet to the Facebook account of a known victim. The Court held a hearing on the Government's motion for a competency evaluation and subsequently ordered on December 5, 2018, that defendant be evaluated for competency pursuant to 18 U.S.C. §§ 4241(b) and 4242(a). ECF No. 17. A contested competency hearing was held on May 23, 2019.

This court issued a report and recommendation finding defendant incompetent to proceed, concluding that his Schizophrenia substantially impairs his present ability to understand the nature and consequences of the court proceedings brought against him as well as his ability to assist counsel in his defense. ECF No. 67. Judge McShane adopted these findings and recommendations on May 28, 2019. ECF No. 75. Defendant arrived on October 16, 2019, at the Federal Medical Center (FMC) in Butner, North Carolina, for restoration proceedings.

Despite being found incompetent, defendant has continued to demand that he be present at every hearing, filed motions and has, once again, requested new counsel. If his request for new counsel is granted, it will be his fifth lawyer; he has previously been represented by Federal Defenders, Todd Bofferding and Lisa Ludwig, and is currently represented by Anthony Schwartz. There is currently a motion to dismiss pending that was filed by Ms. Ludwig. (ECF No. 82). In addition, defendant has filed *pro se* appeals to the Ninth Circuit. *See United States v. Giffen*, 19-30174 (9th Cir.)

The Court asked the parties to provide its position in anticipation of a status hearing on these pending motions and defendant's ongoing filings.

## II.     ARGUMENT

It continues to be the Government's position that this Court should defer any briefing and rulings on any matters raised by the defendant, until he is restored to competency.  After the district court found by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense, defendant was deemed incompetent and committed to the custody of the Attorney General to attempt to restore him to competency so he can meaningfully understand and participate in his defense.  *See United States v. Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002).

Defendant continues to make motions and demands of this Court, including that he be present at any hearing, while he is legally incompetent.  Defendant's continuing demand to be present should be rejected as it would completely thwart the ongoing restoration process.  None of these motions should be taken up by this Court at this time for the same fundamental reason—defendant—is not competent to proceed on any matters.

First, no defendant has a right to appear at all matters.  In particular, Rule 43 states that a defendant need not be present if a proceeding involves only a conference or hearing on a question of law.  Fed.R.Crim.P. 43(b)(3).  This is distinct from initial arraignment, trial stages and sentencing.  The hearings that are currently contemplated—status hearings and motions regarding counsel—involve matters of law or scheduling issues, which he has no fundamental

right to attend. Rule 43 simply recognizes that a criminal defendant has a due process right to be present at every stage of trial where his absence might frustrate the fairness of the proceedings. *See United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985) (per curiam). The existence of a right to be present depends upon a conclusion that absence could, under some set of circumstances, be harmful. Due process does not assure "the privilege of presence when presence would be useless, or the benefit but a shadow." *Snyder v. Massachusetts*, 291 U.S. 97, 106-07 (1934). In *Snyder v. Massachusetts*, Justice Cardozo stated that the defendant has a constitutional right to be present at trial "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." 291 U.S. 97, 107-08. Furthermore, in *Faretta v. California*, the Court stated that the constitution only grants to criminal defendants the "right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings…." 422 U.S. 806, 819 n.15 (1975).

Defendant would be hard-pressed to show that his lack of appearance at status conferences, particularly given that he is incompetent, would frustrate the fairness of the proceedings. The case cannot proceed until he is competent and that requires him to be in BOP custody. Bringing him back to Oregon would not accomplish that goal and it is unclear how seriously his request should be taken given he cannot understand the proceedings.

Similarly, proceeding on any of defendant's motions without him being competent to participate, despite his demands of this Court to do so, would raise more questions as to the fundamental fairness of the process. Our judicial system fundamentally requires that a criminal defendant may not be tried unless he is competent. *See United States v. Merriweather*, 921 F.

Supp. 2d 1265 (N.D. Ala. 2013); *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *James v. Singletary*, 957 F.2d 1562, 1569–70 (11th Cir. 1992).

Second, even if defendant appeared at these proceedings, defendant functionally still would not be present given his current mental incompetency. The "privilege of presence" is not implicated where the defendant's presence "would be useless, or the benefit but a shadow." *Stincer*, 482 U.S. at 745 (quoting *Snyder*, 291 U.S. at 106-07). Consequently, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Id.; see also Rushen v. Spain*, 464 U.S. 114, 117 (1983). Here, an incompetent defendant's presence at proceedings would be no more than a shadow if not useless as he is not competent to understand the proceedings or meaningfully assist his counsel.

Finally, transporting defendant from his medical care facility would impair, delay, and prolong his treatment to restore him to competency, placating him by having his matters rule on at this time as well as having him appear at all hearings would prejudice him medically and legally.

With respect to the need to address the pending motions, the Court should defer ruling until defendant is either restored or a determination is made that restoration is possible. Defendant's demands are being conveyed to this Court, but underlying every demand is the understanding that he is not competent to proceed. If he is restored to competency, he may not make the same choices. A perfect example is the motion to dismiss which is predicated on his

**UNITED STATES' BRIEF IN SUPPORT OF DEFFERING**        **Page 5**
**BRIEFING AND RULING ON DEFENDANT'S MOTIONS**

claims of unreasonable delays in transport for competency and restoration proceedings, if granted at this point, then Giffen, who is currently at FMC Butner, would be subject to civil commitment proceedings, which could lead to indeterminate custody.  That is not a choice a rational defendant would likely make and it would serve his ultimate interest (eventual release) to attempt to restore him.  Similarly, he does not like current counsel, but it is unclear that he would feel the same way if he was competent.  At this point, a 120-day delay tracking defendant's restoration proceedings allows BOP to do their work and gives the parties time to see if he can be restored.

## CONCLUSION

Accordingly, the Government urges the Court to reject defendant's request to be present at this time and delay all briefing and defer ruling on the current motions pending the resolution of his restoration proceedings in the interest of justice.

Dated: October 30, 2019.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Joseph H. Huynh*
JOSEPH H. HUYNH
Assistant United States Attorney